IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*,<br><br>v.<br><br>DONTAYE LEE HARMON<br>*Defendant*. | Criminal Action No. ELH-13-0296<br>Related Civil Case No. ELH-16-2433 |

**MEMORANDUM OPINION**

Dontaye Lee Harmon was indicted on June 11, 2013 (ECF 1) and charged, *inter alia*, with conspiracy to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. § 846. Mr. Harmon entered a plea of guilty to that offense on February 28, 2014 (ECF 155), pursuant to a plea agreement. ECF 156 ("Plea Agreement"). Notably, the offense to which Mr. Harmon pleaded guilty carries a mandatory minimum term of imprisonment of ten years, and a maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); *see also* ECF 156, ¶ 3.

On June 29, 2016, Mr. Harmon filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. ECF 251; ECF 251-1 (Memorandum) (collectively, the "Petition"). In his Petition, Mr. Harmon claims that he is entitled to relief pursuant to the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF 251-1 at 1. In particular, he claims that his prior felony drug convictions were improperly used as predicate offenses, leading to his improper designation as a career offender. *Id.* at 1-2.[1]

---

[1] In response to the Court's inquiry (ECF 255), the federal public defender advised the Court that it did not intend to represent Mr. Harmon in regard to his Petition. *See* ECF 256.

On July 28, 2016, Mr. Harmon asked the Court to hold his Petition in abeyance, pending the Supreme Court's review of *Beckles v. United States*. *See* ECF 257. The Supreme Court decided *Beckles* on March 6, 2017.

The government filed its opposition to the Petition in September 2016. ECF 260. Mr. Harmon did not reply.

For the reasons that follow, I shall DENY the Petition.

### I.      Factual Background

In paragraph 6(B) of the Plea Agreement, the parties stipulated that Mr. Harmon "is a career offender pursuant to U.S.S.G. § 4B1.1, because he has at least two prior felony convictions of either a crime of violence or a controlled substance offense." ECF 156 at 6. Further, the parties stipulated to a base offense level of 37 and a criminal history category of VI. *Id.*

Notably, Mr. Harmon entered his plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C). *See* ECF 156, ¶ 7 at 7. Under the terms of the C plea, the parties stipulated to a sentence of imprisonment ranging from 120 months to 132 months of incarceration. In exchange for the defendant's plea of guilty, the government agreed not to file a notice of defendant's prior felony drug convictions, pursuant to 21 U.S.C. § 851. ECF 156, ¶ 9 at 7. As a result, the government agreed not to seek an enhancement of the mandatory minimum sentence of ten years (120 months).

The Presentence Report ("PSR," ECF 163) reflects that the defendant had numerous prior felony drug convictions, all in the Circuit Court for Baltimore City. In particular, in 1995, Mr. Harmon was convicted of possession with intent to distribute heroin and possession with intent to distribute cocaine (*id.*, ¶¶ 42-44). In 1999, he was convicted of possession with intent to

distribute cocaine (*id.*, ¶¶ 46-48).  And, in 1992, he was convicted of possession with intent to distribute cocaine. (*id.*, ¶¶ 39-41).[2]

As reflected in the PSR, Mr. Harmon qualified as a Career Offender.  ECF 163, ¶ 30.  After deductions for acceptance of responsibility, Mr. Harmon had a final offense level of 34.  Coupled with a criminal history category of VI, his advisory sentencing guideline range called for a period of imprisonment ranging from 262 to 327 months.  *See* PSR, ¶ 79; *see also* ECF 179, III.  But, as noted, the C plea called for a sentence between 120 and 132 months' incarceration.  If Mr. Harmon were not a career offender, he would have had a final offense level of 29 and a criminal history category of V.  In that circumstance, his advisory guidelines would have called for a sentence of 140 to 175 months' incarceration.

Sentencing was held on April 14, 2014.  ECF 173.  At sentencing, the Court imposed a term of imprisonment of 125 months — only five months more than the mandatory minimum sentence of 120 months and close to the low end of the C-plea range of 120 to 132 months' incarceration.  ECF 178.  Notably, the sentence was 137 months (*i.e.*, more than eleven years) *below* the low end of Mr. Harmon's applicable advisory sentencing guideline range of 262 to 327 months' imprisonment.  And, even if Harmon were not a career offender, the sentence of 125 months was 15 months below the guidelines for a non-career offender.  Mr. Harmon did not note an appeal to the Fourth Circuit.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code, under which Harmon filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the

---

[2] This offense did not score any points, presumably because of the age of the conviction.

sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x

332, 334 (4th Cir. 2013) (same). Nevertheless, in my view, no hearing is necessary to resolve Harmon's claims.

### B.

Under § 2255(a), the scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves "'"a fundamental defect which inherently results in a complete miscarriage of justice"'" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted). In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), as unconstitutionally vague. 135 S. Ct. at 255-57. *Johnson* announced a new substantive rule that applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *In re: Hubbard*, 825 F. 3d 225, 235 (4th Cir. 2016).

In *Johnson*, 135 S. Ct. 2551, on which Mr. Harmon relies, the Supreme Court addressed ACCA's residual clause, i.e., the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* was not concerned with felony drug offenses. The Supreme Court concluded in *Johnson* that the residual clause is vague and thus "violates the

Constitution's guarantee of due process." 135 S. Ct. at 2563.  Recently, in *Beckles v. United States*, ____ U.S. ____, No. 15-8544 (March 6, 2017), the Supreme Court determined that the residual clause in the Sentencing Guidelines, § 4B1.2(a), is not unconstitutionally vague.

Harmon was found to be a career offender.  Pursuant to the sentencing guidelines, an individual is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3).  U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.2 is also relevant.  It defines a "controlled substance offense," in part, as a drug offense "punishable by imprisonment for a term exceeding one year that prohibits," among other things, the "distribution" of a controlled substance.

Mr. Harmon does not specify which predicate drug offense he is challenging. Regardless, he cannot qualify for relief under *Johnson* because his career offender status was not based on a "crime of violence."  As noted, Mr. Harmon has several prior State felony controlled substance convictions:  he was convicted in 1992 for possession with intent to distribute cocaine (PSR, ECF 163, ¶¶ 39-41); he was convicted in 1994 of possession with intent to distribute heroin and cocaine (*id.* ¶¶ 42-45); and he was convicted in 1998 of possession with intent to distribute cocaine (*id.* ¶¶ 46-48).

The PSR properly identified Mr. Harmon as a career offender.  *Id.* ¶¶ 30.  And, this court properly adopted that assessment at sentencing.  *See* ECF 179, Section III.  In particular, Harmon had the requisite prior record of at least two prior and distinct convictions for felony controlled

substance offenses. Each conviction constituted a "controlled substance offense" under § 4B1.2(B) of the Sentencing Guidelines, and each was punishable by a term of imprisonment exceeding one year. *See* Maryland Code (2012 Repl. Vol., 2016 Supp.), Criminal Law Article (C.L.) §§ 5-602, 5-607; 5-608; *see also* C.L. §§ 5-402 and 5-403.

*Johnson* does not implicate the prior convictions that rendered Mr. Harmon a career offender. *See*, *e.g.*, *Armstrong v. United States*, 2016 WL 4007580, *3 (E.D.N.C. Jul. 26, 2016) (holding that "[p]etitioner's motion to vacate [under *Johnson*] must be dismissed because he has two qualifying convictions for 'controlled substance offenses'"). Moreover, the parties entered into a Plea Agreement, pursuant to Rule 11(c)(1)(C), in which they agreed to a sentence outside the guidelines, ranging between 120 and 132 months of imprisonment. The court accepted the plea, agreed to be bound by its terms, and sentenced Harmon accordingly, based on the factors in 18 U.S.C. § 3553. Mr. Harmon was not prejudiced by the career offender enhancement.

### III. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C.§ 2253(c)(2).

### IV.   Conclusion

The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015), has no application here.  Harmon was not sentenced under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *See Johnson*, 135 S. Ct. at 2555-57.  Nor was he sentenced under the residual clause of the career offender guidelines.  Moreover, pursuant to Fed. R. Crim. P. 11(c)(1)(C), Harmon was sentenced well below the applicable career offender advisory sentencing guidelines range.  And, even if Harmon were not a career offender, he was sentenced below the applicable guidelines range for a non-career offender.

For the reasons set forth above, Harmon's Petition shall be DENIED.  A Certificate of Appealability SHALL NOT ISSUE.

An Order follows.


Date:  March 10, 2017                            /s/
                                                 Ellen L. Hollander
                                                 United States District Judge